|  |  |
|---|---|
| UNITED STATES DISTRICT COURT<br>DISTRICT OF PUERTO RICO | |
| CARTER J. MAGLOIRE,<br><br>　　　Plaintiff,<br><br>　　　v.<br><br>MAGDALIA TORRES,<br><br>　　　Defendant. | Civil No. 06-1236 (JAF) |

**O R D E R**

Plaintiff Carter J. Magloire brings the present action against Defendant Magdalia Torres alleging that she violated his constitutional rights to free speech, due process, and equal protection under the First, Fifth, and Fourteenth Amendments to the United States Constitution, respectively, when she, in her capacity as a disciplinary hearing officer for the United States Bureau of Prisons, found Plaintiff, a pre-trial inmate at the Metropolitan Detention Center in Guaynabo, Puerto Rico, guilty of being insolent to a prison officer.  Docket Document No. 1; U.S. CONST. AMEND. I, V, & XIV (2006).

This is the second lawsuit involving Plaintiff heard by the undersigned this year, a fact we mention only because we worry that it suffers the same infirmity that befell the first, which is that Plaintiff has failed to exhaust his administrative remedies before coming to this court.  Civ. No. 06-1017 (JAF), Docket Document No. 29.  The Prison Litigation and Reform Act ("PLRA") clearly states

Civil No. 06-1236 (JAF)                                                  -2-

that "[n]o action shall be brought with respect to prison conditions under [§ 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a)(2003 & Supp. 2005).

Implicating prison conditions as it does,[1] Plaintiff's complaint is, therefore, subject to the PLRA's "exhaustion of administrative remedies" requirement. Id. The record is completely bare of any mention, however, of what administrative remedies, if any, Plaintiff has pursued in his quest to vindicate his constitutional rights. Docket Document No. 1.

We, therefore, direct Plaintiff to **clearly state what administrative remedies he sought prior to filing the present cause of action**. He should substantiate his claims by **attaching copies of any forms or documents pertaining to his administrative complaint**.

---

[1] We think it clear that Plaintiff is complaining of prison conditions when he complains about the manner in which Defendant refereed his disciplinary proceeding, and ultimately meted out punishment against him. See Franklin v. Franklin, 215 F.3d 1326 (6th Cir. 2000)(stating that it saw no reason to question parties' assumption that inmate's challenge of the outcome of his disciplinary proceeding related to "prison conditions"); Castano v. Nebraska Dep't of Corrections, 201 F.3d 1023, 1024-25 (8th Cir. 2000), rehearing and rehearing en banc denied, certiorari denied, 531 U.S. 913 (2000)(holding that Spanish-speaking inmates' due process challenge of the absence of interpreters at disciplinary proceedings was an action brought with respect to prison conditions requiring them to exhaust administrative remedies prior to bringing such action in federal court); White v. Fauver, 19 F. Supp. 2d 305, 316 (D.N.J. 1998)(holding that the term "prison conditions" applied to false disciplinary charges).

Civil No. 06-1236 (JAF)                                                    -3-

Plaintiff shall have **thirty (30) days** to do so, or we shall dismiss his complaint without prejudice.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 14th day of July, 2006.

                              s/José Antonio Fusté
                              JOSE ANTONIO FUSTE
                              Chief U. S. District Judge