|  |  |  |
|---|---|---|
| 1 | UNITED STATES DISTRICT COURT | |
| 2 | DISTRICT OF PUERTO RICO | |

| | | |
|---|---|---|
| 3 | CARTER J. MAGLOIRE, | |
| 4 | Plaintiff, | Civil No. 06-1236(JAF) |
| 5 | v. | |
| 6 | MAGDALIA TORRES, | |
| 7 | Defendant. | |

8                              **O R D E R**

9      Pro-se Plaintiff Carter J. Magloire filed this <u>Bivens</u> action
10 against Defendant Magdalia Torres, a Bureau of Prisons ("BOP")
11 disciplinary hearing officer, on March 7, 2006, alleging that she
12 violated BOP regulations by finding him guilty of being insolent to a
13 prison officer and imposing sanctions upon him without allowing him
14 to call witnesses in his defense at the disciplinary hearing. <u>Docket
15 Document No. 1</u>.

16      On July 17, 2006, we issued an order directing Magloire to state
17 to the court within thirty days what administrative remedies he sought
18 prior to filing his <u>Bivens</u> action so that we might know whether his
19 action might proceed before us. <u>Docket Document No. 6</u>. The Prison
20 Litigation and Reform Act (PLRA) states that "[n]o action shall be
21 brought with respect to prison conditions under [§ 1983], or any other
22 Federal law, by a prisoner confined in any jail, prison, or other
23 correctional facility until such administrative remedies as are
24 available are exhausted." 42 U.S.C. § 1997e(a) (2003 & Supp. 2005).

Civil No. 06-1236 (JAF)                                                          -2-

Magloire never responded to our order, and Torres moved to dismiss on August 24, 2006. <u>Docket Document No. 7-1</u>. Appended to Torres' motion was a sworn declaration from José A. Rivera, an Attorney Advisor for the Metropolitan Detention Center in Guaynabo, Puerto Rico, where Magloire is incarcerated, averring that Magloire has not exhausted the BOP's administrative remedy procedures. <u>Docket Document No. 7-5</u>.

Magloire's failure to respond to our clear order asking whether he had exhausted administrative remedies before he filed the present action in federal court leaves us no choice but to dismiss the instant action.

We also take this opportunity to note that Torres' motion to dismiss clearly outlines what the BOP's Administrative Remedy Procedure, codified at 28 C.F.R. § 542.10 et seq., is. <u>Docket Document No. 7-1</u>. Should Magloire desire to pursue his complaint further, following the necessary steps, Torres' motion to dismiss offers a useful primer as to how he should begin.

In accordance with the foregoing, we **GRANT** Torres' motion to dismiss.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 28th day of September, 2006.

                                        S/José Antonio Fusté
                                        JOSE ANTONIO FUSTE
                                        Chief U.S. District Judge